# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 826
## LUFT v. BORZYKOWSKI

Ohio Appeals, 8th District, Cuyahoga County
No. 4398.   Oct. 29, 1923
Cushing, Buchwalter and Hamilton, JJ., sitting.

### 107.  CONTRACTS.

Expert chemist employed by manufacturer of one process on percentage basis, after futile effort to correspond with employer, by assisting another manufacturer of same product by different process, is not engaged in competing business in breach of contract, preventing accounting.

HAMILTON, J.

Epitomized Opinion

Action for accounting and specific performance. Defendant, who owned patents and processes for the manufacture of artificial silk entered into a contract in Germany in 1914 with plaintiff, a chemist, by which plaintiff was to co-operate in working out the processes of said manufacturing, in return for which defendant bound himself to pay plaintiff ten per cent of the benefits of every kind and description which defendant should receive from the utilization of said processes.  Plaintiff agreed not to participate in any competing undertaking.  Later plaintiff entered the war service of the Red Cross in Germany.  Defendant came to the United States and organized an artificial silk company which went bankrupt.  Defendant then organized a new company and acquired large portions of stock in it.

In all his operations defendant received $50,000 in profit.  At the close of the war plaintiff, who had continued his scientific investigations with reference to the manufacture of artificial silk, wrote many times to defendant for directions about his work, but received only evasive and unsatisfactory replies. Being in need, he then entered the service of a company manufacturing artificial silk in Sweden. Later he came to the United States and brought this action for ten per cent of the benefits defendant had received in the business.  The lower court gave a decree for plaintiff from which defendant appealed to this court.  Held:

Since the company in Sweden did not use the same processes as defendant and had no export trade, plaintiff was not participating in a competitive concern so as to commit a breach of the contract.  Even if there were a technical breach by plaintiff, it was justified by defendant's conduct with reference to the contract.  Also the accumulations of defendant all occurred before plaintiff entered the employ of the Swedish company.  Decree that plaintiff receive ten per cent of the stock owned by defendant in the silk company and $5,000, being plaintiff's share of defendant's money profit.

Attorneys—Doerfler & Kornhauser, for plaintiff; J. H. Holding and J. B. Keenan, for defendant; all of Cleveland.